**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN A. MYCEK, SR., ADMINISTRATOR, OF THE GRETTA VENNIK ESTATE, et al.<br><br>*Defendants*. | Civil Action No. 19-cv-14115<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

    **THIS MATTER** comes before the Court by way of Plaintiff's unopposed motion for default judgment as to Defendants Borough of Franklin Lakes ("Franklin Lakes") and Defendant Linda Vennik, pursuant to Fed. R. Civ. P. 55(b), D.E. 22; and it

    **APPEARING** that Rule 55(b) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Fed. R. Civ. P. 55(b). But even when a party is actually in default "the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Sanchez v. Franzzano*, No. 15-2316 (KSH)(CLW), 2016 WL 2892551, at *1 (D.N.J. May 12, 2016) (quoting *Ramada Worldwide Inc. v. Abel Lodging, LLC*, No. 14-2683, 2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014)); and it further

    **APPEARING** that "[i]f a default is entered against some defendants in a multi-party case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Animal Science Prods., Inc.*, 596 F.

1

Supp. 2d at 849; *see also* 10A Charles A. Wright et al, Fed. Prac. & Proc. § 2690 (3d ed. 2015) (when several defendants have closely related defenses "entry of judgment also should await an adjudication of the liability of nondefaulting defendants"). This is because courts do not want to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016) (denying motion for default judgment where allegations against defaulting and nondefaulting defendants were identical); *see also Lines v. New Prime, Inc.*, No. 13-2163, 2016 WL 4727145, at *1 (M.D. Pa. Feb. 24, 2016) ("[I]n light of the potential for inconsistent judgments, a court should not enter default judgment against defaulting defendants when claims based upon identical allegations and theories of liability remain for trial against defendants not in default." (citing *Farzetta v. Turner & Newall, Ltd.*, 979 F.2d 151, 154 (3d Cir. 1986))); and it further

**APPEARING** that, in this matter, Plaintiff alleges that Defendants may claim interests in various properties formerly owned by decedent Gretta Vennik, Defendant Linda Vennik's mother, D.E. 1 ¶¶ 3-10, which Plaintiff seeks to foreclose federal tax liens on for Gretta Vennik's outstanding federal income tax liabilities. *Id*. ¶¶ 38-51. Plaintiffs have only requested for default judgment as to Franklin Lakes and Linda Vennik. The remaining defendants answered, D.E. 9, D.E. 16, D.E. 17, D.E. 20, and appear to be actively litigating this case. Consequently, entering a default judgment at this time would not be prudent due to the risk of potentially inconsistent judgments; and it further

**APPEARING** that since moving for default judgment, Plaintiff filed an amended complaint[1] against all Defendants. D.E. 33. And "an amended complaint supersedes the original

---

[1] In relevant part, the amended complaint asserts a new claim for fraudulent transfer against Linda Vennik. *See* D.E. 33 ¶¶ 57-68. Linda Vennik answered the amended complaint. D.E. 54. Plaintiffs

version" and renders the Clerk's entry of default as to Defendants Franklin Lakes and Linda Vennik "moot since the amended complaint superseded the original complaint." *Auto. Rentals, Inc. v. Bama Commercial Leasing LLC*, No. 117CV3877NLHKMW, 2018 WL 3159852, at *1 (D.N.J. Mar. 9, 2018) (citing *Enigwe v. Gainey*, No. CIV.A. 10-684, 2012 WL 213510, at *3 (E.D. Pa. Jan. 23, 2012) ("The filing of the Second Amended Complaint rendered the earlier Amended Complaint a nullity . . . and [plaintiff's] request for an entry of default by [defendant] as to the Amended Complaint became moot." (internal citation omitted)); therefore

For the foregoing reasons and for good cause shown

**IT IS** on this 20th day of November, 2020, hereby

**ORDERED** that Plaintiff's motion for default judgment, D.E. 22, as to Defendants Franklin Lakes and Linda Vennik, is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court's entries of default against Defendants Franklin Lakes and Linda Vennik are hereby vacated.

                                                                               John Michael Vazquez, U.S.D.J.

---

also filed and subsequently withdrew a request for default as against Defendant Franklin Lakes regarding its failure to answer the amended complaint. D.E. 35, D.E. 37.