UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN A. MYCEK, SR., ADMINISTRATOR, OF THE GRETTA VENNIK ESTATE, et al.<br><br>*Defendants*. | Civil Action No. 19-cv-14115<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court by way of Plaintiff's unopposed motion for default judgment as to Defendant Borough of Franklin Lakes ("Franklin Lakes") pursuant to Fed. R. Civ. P. 55(b), D.E. 76; and it

**APPEARING** that Rule 55(b) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Fed. R. Civ. P. 55(b). But even when a party is in default "the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Sanchez v. Franzzano*, No. 15-2316 (KSH)(CLW), 2016 WL 2892551, at *1 (D.N.J. May 12, 2016) (quoting *Ramada Worldwide Inc. v. Abel Lodging, LLC*, No. 14-2683, 2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014)); and it further

**APPEARING** that in evaluating whether to enter default judgment pursuant to Rule 55(b), the court must determine whether (1) it has subject matter jurisdiction over the matter and personal jurisdiction over the parties, (2) the parties have properly been served, (3) the complaint

1

sufficiently pleads a cause of action, and (4) the plaintiff has proven damages. *Days Inn Worldwide, Inc. v. Tulsipooja Hospitality, LLC*, No. 15-5576, 2016 WL 2605989, at *2 (D.N.J. May 6, 2016). The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). The Court must also consider "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008); and it further

**APPEARING** that "[i]f a default is entered against some defendants in a multi-party case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Animal Science Prods., Inc.*, 596 F. Supp. 2d at 849; *see also* 10A Charles A. Wright et al, Fed. Prac. & Proc. § 2690 (3d ed. 2015) (when several defendants have closely related defenses "entry of judgment also should await an adjudication of the liability of nondefaulting defendants"). This is because courts do not want to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016) (denying motion for default judgment where allegations against defaulting and nondefaulting defendants were identical); *see also Lines v. New Prime, Inc.*, No. 13-2163, 2016 WL 4727145, at *1 (M.D. Pa. Feb. 24, 2016) ("[I]n light of the potential for inconsistent judgments, a court should not enter default judgment against defaulting defendants when claims based upon identical allegations and theories of liability remain for trial against defendants not in default." (citing *Farzetta v. Turner & Newall, Ltd.*, 979 F.2d 151, 154 (3d Cir. 1986))); and it further

**APPEARING** that Plaintiff filed its FAC to (1) collect the alleged federal income tax liabilities of the estate of Gretta Vennik assessed against her for the 2003-2006 and 2008-2011 tax years; and (2) enforce the federal tax liens associated with those liabilities against Gretta Vennik's interest in three properties located in Franklin Lakes, Allendale, and Wayne, New Jersey. D.E. 33 ("FAC") at 1. As relevant here, Plaintiff alleges, in nearly identical fashion, that John A. Mycek, Sr., Linda Vennik, Sonja Vennik Greenthaler, and Franklin Lakes may claim interests in a property located at 774 Aspen Way, Franklin Lakes, New Jersey 07417 (the "Franklin Lakes Real Property"), FAC ¶¶ 6, 7, 9, which Plaintiff seeks to foreclose federal tax liens on for Gretta Vennik's outstanding federal income tax liabilities. *Id*. ¶¶ 31-38. Plaintiff has only requested default judgment as to Franklin Lakes. D.E. 76-1 at 3. Plaintiff's motion for default judgment admits that "[e]xcept for the Brough of Franklin Lakes, all of the other defendants have answered." D.E. 76-1 at 3; *see also* D.E. 42, D.E. 42, D.E. 54. These parties all appear to be actively litigating this case and Plaintiff has not indicated that it is no longer pursuing its claims against those Defendants concerning the Franklin Lakes Real Property. Consequently, entering a default judgment at this time would not be prudent due to the risk of potentially inconsistent judgments[1]; therefore

For the foregoing reasons and for good cause shown,

**IT IS** on this 17th day of May, 2021, hereby

**ORDERED** that Plaintiff's motion for default judgment, D.E. 76, as to Franklin Lakes, is **DENIED without prejudice**.

---

[1] In an Order dated November 20, 2020, this Court denied a previous motion for default judgment filed by Plaintiff against Franklin Lakes, in part, for the same reason. *See* D.E. 55 at 2. Plaintiff's new motion for default judgment fails to indicate how circumstances have changed such that entry of a default judgment against Franklin Lakes is now appropriate.

3

_____
John Michael Vazquez, U.S.D.J.